RECUP'24 JAN 31 AM 1001 MDGAMAC

Jeffrey-Allen: Hill-Yisra'el,
C/o 1740 rocky Creek Road Suite 3784
Indian Country
Macon, Georgia Zip Exempt.
absolute.trustee@jeffreyallenhill.com

In the United States District Court of Middle District of Georgia

| | |
|---|---|
| Jeffrey-Allen: Hill-Yisra'el, | Case No. _____ |
| Owner and Holder in Due Course of | Judge _____ |
| The Trademark Jeffrey Allen Hill ® $^{SM}$ , | |
| Plaintiff(s), | |
| v. | 15 U.S. Code § 1116, |
| | Injunction Restraining Order |
| ATTORNEY GENERAL OF THE STATE OF | 15 U.S. Code § 1114 |
| TEXAS KEN PAXTON ET AL, | Infringement |
| | 15 U.S. Code § 1117 |
| D/B/A OAG NUMBER:XXXXXX5111, | Recovery for violation of rights |
| | 15 U.S. Code § 1118 |
| THE STATE OF TEXAS, | Destruction of infringing articles |
| D/B/A CAUSE NUMBER 06-04134-T, | TRIAL BY JURY IS HEREBY DEMANDED |
| JOHN AND JANE DOES, | |
| Defendants | |

## COMPLAINT FOR TEMPORARY RESTRAINING ORDER,

## PRELIMINARY AND PERMANENT INJUNCTIONS AND INFRINGEMENT OF TRADEMARK

### INTRODUCTION & OPENING STATEMENT

This is an action brought by Plaintiff against State Officials acting under the color of Law

and other Parties known and unknown, related to a numerous infringements of a trademark, the

violating Infringements consisted of Sales, and Trading of a trademarks that is similar to that

which is owned by The Plaintiff (EXHIBITS A) without a license to do so.

At all times relevant herein the Defendants, including State and Local Officials acting

under the color of Law and outside the scope of their jurisdiction and authority, willfully caused

Plaintiff damages and injury, and in so doing, violated clearly established laws, as those laws

apply to Plaintiff's rights pursuant to the Lanham Act 15 USC § 1111-1126.

## JURISDICTION and VENUE

1. Plaintiff brings this action pursuant to Title 15 U.S.C. §1114, Trademark Infringement, §1116. Injunctive relief, §1117 Recovery for violation of rights, §1118 Destruction of infringing articles and §1125(c) and invokes the jurisdiction of this court pursuant to Title 28 U.S. Code §§ 1332,1362,

2. Venue is proper in this jurisdiction over this action under 28 U.S. Code § 1391(b)(3). At all times relevant, all of the causes of action were committed within the geographical jurisdiction of this court.

## PARTIES

3. The Plaintiff, Jeffrey-Allen: Hill-Yisra'el, Enrolled Tribal Member of the Achukma Nation Blood line Cherokee[1], Black Foot and Creek Nations, pursuant to 25 CFR § 83.11[2] and does operate at this location, C/o 1740 rocky Creek Road Suite 3784 Indian Country Macon, Georgia Zip Exempt.

4. Defendant, ATTORNEY GENERAL OF THE STATE OF TEXAS KEN PAXTON ET AL, D/B/A OAG NUMBER:XXXXXX5111, herein after "PAXTON" Defendant 1, at all times relevant to this complaint, was acting as an instrumentalities (alleged political sub division)[3]and was also acting as a State employed, compensated, enriched, and rewarded ATTORNEY GENERAL for THE STATE OF TEXAS and in the State of Texas, conducting the activity of exchanging products, goods, and services for financial gain while being compensated, enriched, and rewarded. KEN PAXTON is being sued individually and

---

[1] Worcester v. Georgia, 31 U.S. 515 (1832)

[2] Federal Recognition pursuant to 25 CFR § 83.11 - What are the criteria for acknowledgment as a federally recognized Indian tribe? https://www.law.cornell.edu/cfr/text/25/83.11

[3] Letter 4076C summarizes the law regarding the tax-exempt status of state and local governments under Internal Revenue Code section 170(c)(l).

in his official capacity and is located at and does operate at this location,  Office of the Attorney General 300 W. 15th Street Austin, TX 78701

5. Defendant, THE STATE OF TEXAS, D/B/A CAUSE NUMBER 06-04134-T, Office of the Attorney General, herein after "TX" Defendant 2, at all times relevant to this complaint, is an instrumentalities (alleged political sub division), conducting the activity of exchanging products, goods, and services for financial gain while being compensated, enriched, and rewarded and legal representation is located at and does operate at this location, 300 W. 15th Street Austin, TX 78701.

6. Defendant, JOHN AND JANE DOES STATE AND LOCAL OFFICERS AND AGENTS, herein after "AGENTS", Defendant(s) 3-10 at all times relevant to this complaint, are acting as a Government agent, compensated, enriched, and rewarded is located at and does business at this location, throughout the State of Texas.

7. Plaintiff does not know or have the actual information for the various John and Jane does, but as soon as we can identify each individual we will update the defendants once Plaintiff becomes aware of the actual names of the Defendants in addition to all locations for service.

**DEFENDANTS KNOWLEDGE OF THE INFRINGEMENT**

8. The Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 7 of this complaint as though full set forth herein.

9. Plaintiff states that each Defendants did receive and was aware of the MOTION TO INTERVENE WITH AN INJUNCTION AND MOTION TO ENJOIN By Special Appearance Only In a non-representative capacity only For Jeffrey-Allen: Hill-Yisra'el © ® [SM], Living Soul Dba JEFFREY ALLEN HILL© ® [SM] Trust.

10. Plaintiff states that ON 11/02/2023 plaintiff mailed  to Defendant AG and 301st District Court and they did receive on or about November 6, 2023, 9:16 am a true and correct copy

of the NOTICE OF SURRERNDER, TRADEMARK OWNERSHIP CERTIFICATE,

NOTICE OF PROHIBITION AND ESTOPPEL: and fee Schedule for services etc[4]

11. Plaintiff States that All Defendants received NOTICE OF PROHIBITION of Infringement of

the Trademark and Injunction and estoppel. The Defendants did not stop infringing on the

mark. Defendants did and are profiting from the sale and collection of alleged fines and the

trading of the marks.

12. Plaintiff States that Notice[5] of Infringement of the Trademarks and Injunction and estoppel,

and a Trademark License agreement were sent on 10/30/2023, 11/2/2023, and 11/05/2023

and was received by defendants TX and PAXTON on or about and between the dates of

11/6/2023, 11/8/2023 and 11/9/2023.

13. Plaintiff states that the defendants have not respond[6] nor did they stop infringing on the

marks. The Defendants did and are profiting from the sell, collections and trading of the

marks.

14. The defendant's use of the infringing mark has created a likelihood of confusion[7] among

consumers and businesses, who may believe that Defendant's products are associated with or

endorsed by Plaintiff. Plaintiff seeks injunctive relief enjoining Defendant from using the

infringing mark, as well as monetary damages for the harm caused by Defendants conduct.

---

[4] Injunction is filed in Jones County Superior Court Image 331 Book 2023 and Page(s) 1984-2002

[5] Filed in Jones County Superior Court Image 328 Book 2023 and Page(s) 1908-1956

[6] Certificate of Non-Response Filed in Jones County on 01/22/2024, 2:44pm  image 16, book 2024,  pages 45-49

[7] The statute does not require a showing that direct purchasers would be confused, mistaken, or deceived. United States v. Gantos, 817 F.2d 41, 43 (8th Cir.), cert. denied, 484 U.S. 860 (1987); United States v. Torkington, 812 F.2d at 1352; United States v. Infurnari, 647 F. Supp. 57, 59-60 (W.D.N.Y 1986).

15. Plaintiff states that defendant's actions are causing Plaintiff harm by the use of a similar mark[8] to ours by their sales, and trading of the mark as well as an attempted alleged debt collection activity.

16. Plaintiff States that no Defendant entered a license with plaintiff and thus continued to voluntarily, knowing and intelligently did and are infringing with the intent to profit.

17. Plaintiff states that Defendants are barred from ascertaining Sovereign Immunity as it is already waived pursuant to 15 U.S. Code § 1122.

## DEFENDANTS ONGOING INFRINGING ON PLAINTIFFS TRADEMARK

18. The Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 18 of this complaint as though full set forth herein.

19. Plaintiff states that after numerous notice of Infringement, defendants continued to infringe on Plaintiffs Mark.

20. Plaintiff is seeking an immediate injunction to enjoin the defendants from using the marks.

21. Further Plaintiff seeks to enjoin defendants from other infringements including using the mark to collect alleged fines, penalties that the defendants are unjustly enriching themselves with the use of the mark and Plaintiffs also seeks to the recovery of any and all profits and proceeds from the sales and or trading of the infringing mark pursuant to 15 U.S. Code § 1117 (a), (b).

## HARM TO THE PLAINITFF

22. The Plaintiff was harm by the defendant's actions by the way of the Sales, Trading and profiting while infringing on the plaintiffs Mark without a license.

---

[8] The mark is "identical with, or substantially indistinguishable from" the genuine trademark. 18 U.S.C. § 2320 (d)(1)(a)(ii).

23. Plaintiff states that defendants has listed in their various data bases and on their various websites, marks that are similar[9] to plaintiffs mark and defendants mark is not genuine or authentic and they are using their mark in commerce without a license.

24. Plaintiff discovered that defendants are using third party vendors and various other data brokers and other government agencies to gather information that contains the mark, and are using said mark in attempt to profit, and without obtaining a license.

25. Plaintiff states that defendant's use of the infringing mark has created a likelihood of confusion in the market[10], who may believe that Defendant's products are associated with or endorsed by Plaintiff. This confusion has resulted in loses and damage to Plaintiff's. Plaintiff seeks injunctive relief enjoining Defendant from using the infringing mark, as well as monetary damages for the harm caused by Defendant's conduct.

## FACTS

26. The Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 25 of this complaint as though full set forth herein.

27. Plaintiff states that defendants PAXTON AND TX did use Plaintiffs Mark on a TEXAS CHILD SUPPORT PAYMENT DEMANDS (Exhibit B) without obtaining a license.

28. Plaintiff states that defendant TX did use Plaintiffs Mark on a Court Documents (Exhibit C) and upon information and belief may have sold the mark without obtaining a license.

29. Defendants have in their data base plaintiffs trademark information in which defendants sells to other agencies and was notice of a trademark infringement and defendant continued to voluntarily, knowing and intelligently infringe on Plaintiffs mark.

---

[9] The mark is spurious. 18 U.S.C. § 2320(d)(1)(a). A mark is "spurious" if it is "not genuine or authentic."
[10] The use of counterfeit mark is "likely to cause confusion, to cause the mistake, or to deceive." 18 U.S.C. § 2320(d)(1)(iii). The phrase "use of which is likely to cause confusion, to cause mistake, or to deceive" is taken from the remedial section of the Lanham Act.

30. Plaintiff states that defendant PAXTON office did use and send to various 3rd parties documents that stated that a debt was owed which did contain Plaintiffs Mark without obtaining a license.

31. Plaintiff states that Defendants TX AND PAXTON, did after receiving notices of trademark infringement the defendants did voluntarily, knowing and intelligently continued to willfully infringe on our mark under the color of law and without a license.

32. Plaintiff states that since this time Plaintiff has discovered numerous infringements (EXHIBIT D) by defendants and seeks this court to issue an injunction to enjoin all defendants and their agents and contractors from using Plaintiffs Trademark in which none have a license to use.

33. Plaintiff states that all of the defendants are voluntarily, knowing and intelligently infringing on the Plaintiff's trademark and are profiting from said infringements.

34. Plaintiff states that all of the Defendants, at all times related herein, acted voluntarily, knowing and intelligently, and "in concert" with additional state officers showing a deliberate indifference towards Hill-Yisra'el and Hill-Yisra'el rights protected by Lanham Act and other federal laws.

## FEDERAL CAUSES OF ACTION

## COUNT 1

## 15 U.S. CODE § 1116, GEORGIA CODE § 10-1-451 – INJUNCTIVE RELIEF

35. The Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34 of this complaint as though full set forth herein.

36. Plaintiff demonstrates that Plaintiff holds two Trademarks. One being a federal Trademark and the other a Georgia State Trademarks (Exhibit A) in which one the Georgia Trademark covers Plaintiffs image, signature, footprints and fingerprints which the defendants upon information and belief are infringing on all trademarks without a license.

37. Plaintiff has shown that defendant(s) are committing and are about to commit trademark infringement. The Plaintiff is entitled, under 15 U.S. Code § 1116, and Georgia Code § 10-1-451 to seek a temporary restraining order, a preliminary injunction, a permanent injunction restraining all future fraudulent conduct, and any other action that this Court deems just in order to prevent a continuing and substantial injury to the Plaintiff.

38. Plaintiff states that as a result of the foregoing, the Court should enjoin Defendant's conduct under 15 U.S. Code § 1116 and Georgia Code § 10-1-451.

## COUNT 2

### 15 U.S.C. § 1114 TRADEMARK INFRINGEMENT

39. The Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 45 of this complaint as though full set forth herein.

40. The Plaintiff States that pursuant to the Lanham act the defendants did infringe on plaintiffs mark.

**trademark infringement - Overview**

*Trademark law protects a trademark owner's exclusive right to use a trademark when use of the mark by another would be likely to cause consumer confusion as to the source or origin of goods. Trademark law is a federal issue, and as such, the LanhamAct is the federal statute which governs trademarks. To establish a violation under the Lanham Act for either a registered mark under 15 U.S.C. § 1114, or an unregistered mark under 15 U.S.C. § 1125(a), the plaintiff must demonstrate that (1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion. See A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198 (3rd Cir. 2000).*

41. The Plaintiff states that he was harmed by the infringement of the mark through the use and sales to 3rd parties, without a license and the fraudulent reports by way of using a counterfeit infringing marks to make it appear that it is from the owner and that the owner is responsible for said product that was sold.

42. Plaintiff States that by reason of the conduct described herein, that all defendants violated, is violating and is about to violate 15 U.S. Code § 1114 by executing a scheme and infringing

on the Plaintiff's trademarks while profiting from the infringement by using a counterfeit

trademarks in commerce.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, requests of the Court judgment against the defendants, jointly

and severally, REQUESTS relief as follows:

A. That the Court issue a temporary restraining order, preliminary injunction, and permanent injunction, pursuant to 15 U.S. Code § 1116, and Georgia Code § 10-1-451, that Defendants, its agents, officers, and employees, and all other persons or entities in active concert or participation with them, are restrained from:

(1) using the mark in communications in interstate or foreign commerce for the purpose of executing any scheme and artifice to infringe for the purposes of profiting, obtaining money or property by means of false or fraudulent pretenses, representations, or promises; and

(2) conducting or purporting to conduct any services using said mark; and

We demand that the defendants destroy any and all materials bearing the marks in their possession or control or return any and all materials that contain our marks to us that are of financial benefit to us;

- (1) Enjoin the Defendants from using our mark at any time. trademark Registration number Registration # 7,064,913 US ®
- (2) Provide written assurance that they will not continue to use the Marks in the future;
- (3) Provide a list of all websites, social media accounts, and other platforms where you have used the Infringing Marks, along with any relevant login information and access credentials.
- (4) Plaintiff seeks for defendants to show where they got the information that the mark owes a debt?
- (5) A list of all retailers, distributors, and other parties to whom the Infringing Goods have been sold or distributed;
- (6) A list of all manufacturers, suppliers, and other parties who have produced or provided the Infringing Goods;
- (7) A list of all sales, proceeds, and profits generated from the sale of the Infringing Goods.
- (8) An Audit and full accounting of any and all accounts and proceeds that are connected to the mark that is being infringed.
- (9) A list of all Earning by all agents that handled the mark (payroll, stocks, bond and/or any other proceeds).
- (10) The destruction of all materials that contain our mark, and remove the mark from all databases, websites and court documents pursuant to 15 USC §1118.

B. We are seeking all proceeds from any and all sales from the use of the mark (stocks, bond and/or any other proceeds). pursuant to 15 USC §1117

C. We are seeking 2.5 million in damages.   pursuant to 15 USC §1117

D. We are seeking Restitution. pursuant to 15 USC §1117

     a. as compensatory damages, the sum of $850,000.00;

     b. as punitive damages, the sum of $850,000.00;

     c. all costs and disbursements of this action;

     d. all attorney's fees incurred in prosecuting this action;

     e. the right to amend this complaint as warranted by further evidence and fact finding;

E. That the Court order such other and further relief as the Court shall deem just and proper.

TRIAL BY JURY IS HEREBY DEMANDED'

Respectfully submitted,

Jeffrey-Allen: Hill-Yisra'el,
C/o 1740 rocky Creek Road Suite 3784
Indian Country
Macon, Georgia Zip Exempt.
absolute.trustee@jeffreyallenhill.com

## VERIFICATION

State of Georgia          )
                          ) SS
County of Jones           )


"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on 01/29/2024.

_____     1/31/2024
                        date

as witnessed by:

_____  1/31/24
                        date

Jeffrey-Allen: Hill-Yisra'el,
C/o 1740 rocky Creek Road Suite 3784
Indian Country
Macon, Georgia Zip Exempt.
absolute.trustee@jeffreyallenhill.com