IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JEFFERY-ALLEN: HILL-YISRA'EL** *as Owner and Holder in Due Course of the Trademark Jeffery-Allen Hill,*<br><br>*Plaintiff,*<br><br>v.<br><br>**KENNETH PAXTON, Attorney General of the State of Texas,** *et al.,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:24-cv-00039-TES** |

## ORDER DISMISSING CASE AS FRIVOLOUS

Reyling on 15 U.S.C. §§ 1111–26, pro se Plaintiff Jeffrey-Allen: Hill-Yisra'el (as styled in his Response [Doc. 6] to the Court's show-cause order) filed a Complaint [Doc. 1] alleging violations of the Lanham Act against the Attorney General of Texas, Kenneth Paxton; the State of Texas; and John and Jane Does (collectively referred to as "Defendants"). [Doc. 1, pp. 1–3 ¶¶ 4–6]; [Doc. 4]; *see, e.g.*, [Doc. 6, p. 2 ("Plaintiff states that his proper appellation and style is Jeffrey-Allen: Hill-Yisra'el")].

Although Plaintiff did not submit a revised Application to Proceed in District Court Without Prepaying Fees or Costs (the "Application") as ordered, the Court has considered his Response to its show-cause order and **GRANTS** Plaintiff's Motion for Leave to proceed *In Forma Pauperis* [Doc. 3]. [Doc. 4, p. 2]. However, since the Court permits

Plaintiff to proceed *in forma pauperis* in this action, it must also screen his Complaint [Doc. 1] pursuant to 28 U.S.C. § 1915(e).

It appears that Plaintiff brings this lawsuit against Defendants because they used his "[m]ark"—his allegedly trademarked "autograph"—on a demand to collect child support payments on behalf of his children and the State of Texas "without obtaining a license to do so." [Doc. 1, p. 6 ¶ 28]; [Doc. 1-2, pp. 2–3]; [Doc. 1-3, p. 2]. Upon review of the letter from the Child Support Division of the Texas Attorney General's Office that Plaintiff filed contemporaneously with his Complaint, there is no use of "the *autograph* of 'Jeffery Allen Hill' in cursive" or as otherwise described by the Certificate of Registration from the Georgia Secretary of State. *See* [Doc. 1-3, p. 2] *in connection with* [Doc. 1-2, p. 3 (emphasis added)]. For that reason and for those discussed below, the Court dismisses this action without prejudice as frivolous under § 1915(e)(2)(b)(i).

Although he does not label himself as one in his Complaint, Plaintiff's allegations seem to indicate that he "subscribes to what is known as the 'Sovereign Citizen Movement.'" *Young v. PNC Bank, N.A.*, No. 3:16cv298/RV/EMT, 2018 WL 1251920, at *2 (N.D. Fla. Mar. 12, 2018). "So-called sovereign citizens believe that as 'natural humans' (or sovereigns) they are 'not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, *extinguish* debts, and derail criminal proceedings.'" *Id.* The "outlandish" legal theories launched by sovereign citizens have been consistently rejected as described as "patently ludicrous" *Id.* (citing

*Roach v. Arrisi*, No. 8:15–cv–2547–T–33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016)). Plaintiff's case is no different.

District courts have discretion to dismiss frivolous *in forma pauperis* complaints at any stage of the proceedings. 28 U.S.C. § 1915(e)(2)(B)(i). Such a complaint is "frivolous" when it appears that a plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A district court may conclude that a plaintiff has little or no chance of success where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or without "an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31, 32–33 (1992). In making these determinations, all factual allegations in a complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Courts, however, under § 1915(e), have the "unusual power" to "pierce the veil" of a complaint's factual allegations and dismiss claims that are predicated on "wholly incredible" factual contentions. *Denton*, 504 U.S. at 33; *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

Here, Plaintiff's allegation that Defendants somehow violated the Lanham Act when the Child Support Division of the Texas Attorney General's Office attempted to collect what appears to be owed child support payments in the amount of $64,000 by simply referring to his name, is "delusional." [Doc. 1-3, p. 2]; *Denton*, 504 U.S. at 33. Accordingly, the Court **DISMISSES** this action **without prejudice** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i).

**SO ORDERED**, this 8th day of February, 2024.

                                                  S/ Tilman E. Self, III
                                                **TILMAN E. SELF, III, JUDGE**
                                                **UNITED STATES DISTRICT COURT**